## THE STATE v. WILLIAM LONGWORTH.

EMBEZZLEMENT.—See an indictment held insufficient, under Pas. Dig., art. 2423, for embezzlement.

APPEAL from Karnes. Tried below before the Hon. James A. Ware.

Wm. Longworth was indicted in December, 1873, the indictment charging that " one A. F. Dignowitty did intrust to the said William Longworth, as bailee, a certain gun, to wit, a Sharp's improved carbine, of the value of thirty dollars, for the purpose of taking from Bracketsville, in Karnes county,   *   *   to Wilson county, in the State of

Texas, and back from said county of Wilson to the said town of Bracketsville, * * * said gun being then and there the property of the State of Texas, and being then and there in the possession of him, the said Anthony F. Dignowitty; and the said William Longworth, * * as bailee as aforesaid, at the time and place aforesaid, * * did then and there convert to his own use and benefit the said gun, without the consent of the said Dignowitty," &c.

Exceptions to the indictment were sustained, and the District Attorney appealed.

*George Clark, Attorney General,* for the State.

No counsel for appellee.

MOORE, ASSOCIATE JUSTICE.—The exceptions to the indictment were properly sustained. It is manifestly uncertain, indefinite, and ambiguous in its averments, and does not charge appellee with any offense in plain and intelligible words.

From the language of the indictment it is a matter of doubt whether we should infer that the gun was, at the time of the alleged conversion, in the possession of Dignowitty or appellee. The object and purpose, as well as the fact of the bailment, is but vaguely alleged. And there is no allegation whatever showing at what time or to whom the gun was to be delivered, or that it was not delivered in accordance with the terms of the bailment, except the averment in conclusion of the indictment, that appellee " did then and there convert to his own use and benefit said gun," &c. And as it appears from the indictment that the gun did not belong to Dignowitty, the indictment is also defective in not charging the conversion to have been without the consent of the owner.

The judgment is affirmed.

AFFIRMED.