JOHN GIBBS v. THE STATE.

1. EMBEZZLEMENT.—An indictment which charges, with proper refer-
ence to time and place, that the defendant was the agent of A B,
the owner of a gelding worth fifty dollars; that defendant was in
possession of the animal by virtue of his agency; that being so in
possession, he fraudulently converted it to his own use, and that this
was done without the consent of the owner, with the fraudulent in-
tent to deprive him of the value of the same, and to appropriate it
to defendant's use, charges the offense of embezzlement.
2. MOTION IN ARREST OF JUDGMENT.—It is only for substantial de-
fects in an indictment, and not for matters of form, that a motion
in arrest of judgment should be sustained.

APPEAL from Gaudalupe. Tried below before the Hon.
James A. Ware.

*George Clark, Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—The defendant Gibbs ap-
peals from a conviction for the embezzlement of a gelding.
There was no exception to the indictment; but after the
trial defendant moved to arrest the judgment because no
legal judgment can be rendered under the allegations of
the indictment, and the evidence introduced in support
thereof, and because the indictment is bad for duplicity.

The indictment charges that Gibbs was the agent of
Armstrong, the owner of the gelding, and that Gibbs was
in possession of the animal by virtue of his agency, and
which he had fraudulently converted to his own use, of
the alleged value of fifty dollars, and that it was done
without the consent of the owner, with the fraudulent in-
tent to deprive him of the value of the same, and to ap-
propriate it to defendant's own use.

It is only for a substantial defect in the indictment, and
not for want of form, that a motion in arrest of judgment
should be sustained.

There being no appearance for the defendant, by brief or

otherwise, we are left to conjecture the grounds of objection to the indictment beyond the mere recital in the motion. It may be said that the indictment charges the defendant with having converted the animal to his own use, without averring that it was done to deprive the owner of the animal itself, but only of its value. If this was the objection to the indictment, if it could be made available for any other purpose whatever, it could only be done by exception, and not by motion in arrest of the judgment.

As we cannot know, for want of a statement of facts, what was proved on the trial, we will not undertake to say that the judgment rendered was not in accordance with the allegations of the indictment.

It may well be conceived, where there has been a consignment or bailment of property which may have been converted, that the character of the consignment or the bailment and the act of conversion should be averred in the indictment; and if the indictment had been excepted to on that ground, and the court had overruled it, the question of the sufficiency of the indictment would require consideration. But the force of the objection, that no legal judgment can be rendered under the allegations of the indictment, depends on the case as developed on the trial, and without the evidence, the action of the court on the motion will not be reviewed.

The object of the statute, as may be supposed, was to provide for a class of cases not embraced in the law of larceny, and that it was designed to give protection to principals against their agents, where a trust has been reposed, and when, for that reason, the act does not amount to larceny, but is characterized by the statute as "embezzlement, or fraudulent misapplication, or conversion to their own use, without the consent of their principals or employers, of any money or property of their principals or employers, or its proceeds, which shall have come to their possession, or be under their care by virtue of their agency,

and punished as prescribed for larceny, according to the amount of or value of the money or property embezzled." (Chap. 10, Embezzlement of property by private persons, arts. 2421, &c., Pas. Dig.)

The indictment charges an act made penal by the statute against one of a class of persons coming within its scope, according to the allegations of the indictment; and if the proof sustained the allegations, as must be presumed, when there is no statement of facts, that it did, no good reason is shown why the finding of the jury and the judgment of the court should be set aside.

The owner of the gelding testified on the trial that after the defendant was arrested he stated to the witness, voluntarily and without compulsion, that the horse was at a certain place, in the possession of a certain Mexican; that witness afterwards went to the place designated and found the horse in the hands of the Mexican. This witness further stated, against defendant's objection, that defendant at the same time said that he had gambled off the horse to the Mexican. The objection being overruled, the defendant excepted.

The admissibility of the evidence showing that the property was found with the person and at the place designated by the defendant, as appears by the bill of exceptions, was not denied, and only the statement that the horse had been gambled off was objected to. This declaration was made at the same time when the defendant informed the witness in whose possession the animal was, and the place where it would be found, and may be regarded as explanatory of the main fact confessed already, and contemporaneous with it. The bill of exceptions does not show what the evidence was, or, if there was none, it is not so stated. The confession that the horse was gambled off to the Mexican may not have been material. The party referred to may have appeared as a witness and confirmed the truth of the statement, for anything that may be known from the record.

Be that as it may, when there is no statement of facts, it will not be inferred that the statement was not confirmed, if it required confirmation or corroboration other than that to be found in the evidence of the witness Armstrong. (1 Greenl. Ev., §§ 231, 232; 1 Phillips's Ev., C. & H.'s Notes, 554, 555; Pas. Dig., art. 3127.)

The defendant seems to have been satisfied with the instructions given by the court, and asked no further charge; and there being no apparent error in the record, the judgment is affirmed.

AFFIRMED.