THE STATE OF KANSAS V. L. G. MORTIMER.

1. ADMISSIONS OF ACCUSED; *When and How Far Admissible.* Where a defendant, charged with burglary and larceny, makes a statement to the officer having him in charge and to the owner of the stolen property, under a promise from them that he shall not be prosecuted, indicating to them where such property may be found, and the property is afterwards found in accordance with his statements; and it is shown conclusively by other evidence that the burglary and larceny were committed by some one; *held,* that, although such statement cannot be shown to the jury as a confession of the guilt of the defendant, yet that it may be shown to the jury as the admission of a fact tending to show that the defendant had some connection with the commission of the burglary and larceny charged against him.

2. INSTRUCTIONS; *Admitted Facts.* Where facts are proved beyond all controversy, it is not error for the court to assume in its charge that they exist.

3. ——— *Misleading, Not to be Given.* It is not error for the court to refuse instructions which might mislead the jury, and particularly so, where all the necessary instructions upon the subject are given by the court to the jury.

4. ——— *Written Instructions; Quoting Statute.* Where the court in charging the jury in a criminal case *reads a section of the statute,* without incorporating the same in its written charge, but merely referring thereto, such failure to incorporate the statute in the written charge will not authorize a reversal of the judgment.

5. ATTORNEY; *Conduct at Trial.* Unauthorized statements made by counsel in addressing the jury referred to, and rule stated where counsel on both sides go outside of the record in their remarks.

*Error from Leavenworth District Court.*

THE defendant was tried at the September Term 1877 in the district court, and found guilty of burglary in the first degree, and grand larceny, and sentenced to the penitentiary for eleven years; and he now appeals to this court, and prays that the judgment be reversed and set aside.

*Thos. P. Fenlon,* for appellant:

1. The instructions given by the court to the jury were not *all* "in writing." The words of the statute are, "The judge

must charge the jury in writing, and the charge shall be filed among the papers of the cause." In *The State v. Potter*, 15 Kas. 303, this court uses the following language: "The statute requiring a written charge is imperative, and failure to comply with it is an error compelling a reversal." See also *The State v. Huber*, 8 Kas. 451. We submit that it is the imperative duty of the trial court to make every word of its charge in writing; that however convenient it may be to the court to lessen its labor prescribed by statute, it is the duty of the court to obey the imperative language of the statute. If the trial judge may read a statute to the jury as part of his charge, he may read it correctly or incorrectly, and the accused has no remedy to correct any mistake made by him. If he may read the statute, he may with the same logic and with the same propriety read an adjudicated case in this or any other court. If he can do that, he may with equal propriety read to the jury a newspaper article, or a stump speech.

2. The admission of the testimony of D. A. Hook, as shown by the record in this case, was error. Without these admissions testified to by Hook, it would have been impossible to convict the defendant; and without these admissions there was no evidence in the case that the defendant had any connection with the crime charged. 1 Greenl. Ev., §§ 219, 220, 220a, 231. Appellant confessed to Hook under and by virtue of a promise, made by said Hook to appellant, that if he (the appellant) told or knew where the stolen goods were, he should not be prosecuted.

3. The court assumed certain facts, which the jury should determine, and which were alone for the jury to find; and this was error, prejudicial to appellant. (1 Kas. 74.) The court assumed that it was a *fact* that the defendant furnished the information by which certain property was found; and the court further assumed, that *that* property was *stolen property*—two very material and important facts, which were alone for the jury to find.

4. The court erred in refusing the instructions prayed by the defendant. The instructions asked were proper and

should have been given, and are not covered by any other instructions given to the jury. The mere fact that appellant told where the goods or stolen property was, is no evidence or proof of appellant's guilt. Nor is the mere fact of this confession any proof of appellant's guilt.

5. Appellant further submits that the county attorney in his closing argument to the jury, stated that the prisoner had been in the county jail for six months on account of crime of which he had been convicted, to which statement, the defendant by his counsel objected. ·This statement so made by the county attorney might and most likely did to a great extent prejudice the jury in finding their verdict.

*Taylor & Gillpatrick,* for The State:

1. The court did not err in refusing to give the iustructions asked by the defendant below. The first instruction contains a proposition that is not law. "The mere fact that the defendant showed the marshal where the goods were," *is* evidence tending to prove the guilt of the defendant, competent and very material evidence. It might, and it might not, be conclusive, according as the other circumstances developed themselves; but it was *evidence,* and the instruction was therefore properly refused.

2. The second instruction asked is not law. It asks the court to pass upon the weight of evidence. This is the province of the jury. Again, the statements of the defendant below, as to where the property was, were competent evidence, and taken in connection with the admitted facts in the case, were sufficient to convict.

3. The court did not err in giving the instruction asked by the state, that, "in considering the evidence, the jury may take into consideration *the facts* that the information which led to finding *the stolen property* was given by the defendant." The fact of the burglary and larceny was admitted on the trial. Again, "*the fact,* that the information which led to finding the stolen property *was given by the defendant,*" was not a mooted question in the case. The witness Hook

so testified.   There was no conflicting testimony, and the court would have been justified in telling the jury to so find from the evidence.   The truth is, the principal objection made in the court below was, conceding the *fact* that the information which led to finding the stolen property was given by the defendant, yet, it being given under a promise not·to prosecute, it could not be used as evidence.

4. The appellant claims there was error because the instructions given by the court to the jury were not *all* in writing.   The record does not show any oral instructions, and as matter of fact none were given.   But the record does show that the instructions were given in writing, and that the information, and the several sections of the statutes applicable to the case, were read to the jury in their proper connection at the places respectively indicated on the face of the instructions.   This we claim is a substantial compliance with the statute, and the adjudications of this court upon the question. 24 Mich. 407; 15 Kas. 319.

5. Did the court err in permitting the witness Hook to testify that the information which led to finding the stolen property was given by the defendant, under a promise from the said witness, who was city marshal, and from the owner of the property, that he should not be prosecuted?   It is a well-settled principle of law, that although confessions obtained by threats or promises are not evidence against the accused, upon which he can be convicted, yet, if they be attended by extraneous facts which show that they are true, they will be sufficient.   If the property has been stolen, and a person accused of the offense point out the place where it is concealed, he must be considered the thief, unless he can reconcile his knowledge with his innocence: 9 Yerger, 410; 26 N. Y. 590; 39 Miss. 96; 40 Ala. 344; 34 Cal. 179; 2 Metc. (Ky.) 30.   Although a confession improperly obtained from the defendant is inadmissible in evidence against him, yet it is competent to show that the stolen property was found through information obtained from the prisoner: 1 Greenl. Ev., § 231; 1 Phil. Ev., 5th Am. ed. 459; Roscoe's

Crim. Ev. 51; 2 Rus. on Cr. 861, 862. Any extraneous facts which show that the confession is true, and which go to prove the existence of the crime of which the defendant was suspected, will be received as testimony: 1 Wharton Crim. L., § 995. It was competent to prove that the prisoner stated, or pointed out the place where the goods might be found, and that the goods were found at the place indicated by him: 1 Sneed, 80; 9 Yerger, 409; 2 Rus. Cr 862; 2 East's Pl. Cr. 658. Where confessions lead to the discovery of property, or other proofs of guilt, they are to be considered by the jury: 2 Har. 531. A confession improperly obtained will not be excluded on the trial, when the confession is accompanied with the surrender and restoration of the stolen property: 3 W. Va. 695. The acts of the accused, done in consequence of the inadmissible confession, and tending to show his guilt, should be received in evidence against him: 1 Leach, 298, 301; 2 Rus. on Cr. (7 Am. ed.) 863; 36 Miss. 96; 40 Ala. 344. The rule which excludes evidence of the confession of persons charged with crime, when such confessions have been made under influence of threats or promises, has never been held to exclude evidence of any facts which were ascertained in consequence of such confession: 26 N. Y. 590; 5 Rich. 391; 1 Strob. 155, 378. Although confessions improperly obtained are not admissible, yet any facts which have been brought to light in consequence of such confessions, may be properly received in evidence: 2 Starkie, 50; 9 Pick. 496; 2 Metc. (Ky.) 30.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution for burglary in the first degree, and for grand larceny. The first and principal question in the case is, whether the court below erred in permitting the witness D. A. Hook to testify concerning certain information which led to finding the stolen property, and which was given by the defendant under a promise from said witness, (who was at the time city marshal of the city of Leavenworth, and had the defendant un-

der his charge,) and from the owner of the property, that the defendant should not be prosecuted. The object for introducing this testimony of Hook, and the extent to which it was allowed to influence the findings of the jury, will be shown by the following instructions given by the court to the jury:

"In this case you will not consider any evidence showing or tending to show a confession of the guilt of the defendant, but you may consider any evidence in the case tending to show that the property alleged to have been stolen was found at places indicated by the defendant." * * * "In considering the evidence in this case, the jury may take into consideration *the fact* that the information which led to finding *the stolen property* was given by the defendant."

We do not think that the court below erred in permitting said evidence to be introduced. (See the numerous authorities cited by counsel for The State.) That the property alleged to have been stolen *was stolen*, and that the information which led to finding it *was furnished by the defendant, were facts*, not controverted in the court below, and were proved beyond all possible doubt; and hence the court below did not err in speaking of them as facts.

The defendant also claims that the court below erred in refusing to give the following instructions to the jury:

"The crime must be proved as alleged. The mere fact that the defendant showed the marshal where the goods were, is not evidence of the burglary charged in the information. It does not follow from the mere fact of the knowledge of where the goods were, that the defendant committed the burglary."

"If the statements of the defendant were given by him, under a promise that he should not be prosecuted, such evidence is not sufficient to convict the prisoner."

Now the court might possibly have given these instructions to the jury without committing any material error, but still their tendency would have been to mislead the jury. One proposition contained in them is, that "the mere *fact* that the defendant showed the marshal where the goods were, is not evidence of the burglary charged in the information." Now everything charged by the state, in this case, was proved

beyond all controversy, except the mere fact of the connection of the defendant with the burglary and larceny charged in the information. The burglary and larceny were committed at the same time, as parts and portions of the same transaction, and were proved on the trial beyond all controversy to have been committed by some one just as charged in the information; and all that was left doubtful in the case, or which required any serious consideration by the jury, was the question whether the defendant had any connection with said burglary and larceny. The state relied upon the fact, that the defendant knew where the stolen goods were, as some evidence tending to show that the defendant was in some way connected with the commission of the burglary and larceny. The instruction asked however was virtually to the effect that such fact was *no evidence* of the defendant's connection with the burglary or larceny. We do not think that the court erred in refusing to give the same. ( *Walker v. Commonwealth*, Court of Appeals of Virginia, July term 1877, 5 Reporter, 281.) All the instructions necessary to be given concerning this subject, or concerning any statements made by the defendant, were given by the court.

The defendant claims that the court below also erred in not giving all of its instructions in writing. Now from anything appearing in the record, all the instructions were in writing. But it is claimed that the court read certain sections of the statutes to the jury without incorporating them in its written charge, but merely referring to them therein. This is probably true, although the record does not show it; but if true, still we do not think that the court committed any material error, even if it committed any error at all. (*Swartwout v. M. & L. Rld. Co.*, 24 Mich. 390, 407.) The reading of a *statute* applicable to the case, and the failure to incorporate the same in the written charge, will not, under such circumstances, be sufficient to authorize the reversal of the judgment.

The defendant claims that he ought to have a new trial for the following reasons:

"During the argument of the case [in the court below] the defendant's counsel stated that the defendant had been in prison awaiting this trial since April last. The county attorney in his closing argument to the jury stated, by way of answer to the statement of defendant's counsel, as a fact, that the defendant had been in prison since April last for a crime of which he had been previously convicted — to which statement the defendant by his counsel at the time objected; and the court then told the jury that they should pay no attention to, and not take into consideration, any such statement; and there was no evidence of either statement of counsel introduced in the case."

The statement of the county attorney will not under the circumstances of this case authorize a new trial. The defendant, before objecting to the statement of the county attorney, should have repudiated the improper statement of his own counsel.

The judgment of the court below will be affirmed.

All the Justices concurring.