## S. T. GADDY *v.* THE STATE.

1. INDICTMENT based on a penal statute must allege every fact which is a constituent of the offence, so as to bring the accused precisely within the provisions of the statute. If the statute applies to certain classes of persons, or to acts done at a particular time or place, the indictment must conform thereto by direct allegations.

2. SAME — EMBEZZLEMENT. — To charge a bailee with embezzlement, the indictment must by direct averment allege that the embezzled property came into his possession or was under his care by virtue of his agency or of the bailment. See indictment held defective in this respect.

APPEAL from the District Court of Dallas. Tried below before the Hon. G. N. ALDREDGE.

After the usual preliminaries, the indictment alleged that the defendant, " being then and there the bailee and in possession of a certain gelding, said gelding being then and there the corporeal personal property of one John H. Goble, and of the value of $30, which said gelding the said Goble, prior thereto, to wit, on the thirteenth day of March, A. D. 1879, did intrust to the said S. T. Gaddy as bailee, to be by him, the said Gaddy, taken from the residence of said Goble in Denton County to the city of Dallas, and back from the said city of Dallas to the residence of him, the said Goble, he, the said Gaddy, did then and there, to wit, in the county of Dallas and State of Texas, on the first day of March, 1879, did fraudulently and feloniously convert to his own use the said gelding, without the consent of the said Goble, and with the fraudulent and felonious intent of him the said Gaddy to deprive the owner of the said gelding and appropriate the same to the use and benefit of him the said Gaddy ; contrary," etc.

The jury found the appellant guilty, and assessed his punishment at two years in the penitentiary.

No brief for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

White, P. J. The indictment in this case purports to charge appellant with embezzlement, the embezzlement consisting in the fact that as bailee he had fraudulently converted to his own use a borrowed horse.

"A loan for use, called in the civil law *commodatum,* is a bailment to be used by the bailee temporarily, or for a certain time, without reward, *  *  * and if a horse be gratuitously lent for a journey, it is a case of *commodatum.*" Story on Bail., sect. 6; 2 Pars. on Con. (5th ed.) 108.

Our statute concerning the offence makes it applicable to any bailee of property who fraudulently misapplies or converts to his own use, without the consent of his employer, any property which shall have come into his possession or shall be under his care by virtue of his employment. Gen. Laws 15th Leg., p. 9, "An act to amend art. 771 of the Penal Code;" Rev. Penal Code, art. 786.

The indictment is defective in that it does not allege by direct averments that at the time of the conversion the animal was in the possession of the defendant by virtue of his agency or of the bailment. "An indictment upon a statute must state all such facts and circumstances as constitute the statute offence, so as to bring the party indicted precisely within the provisions of the statute. 1 Chitty's Cr. Law (ed. of 1841), 281–283; Archb. Cr. Pr. & Pl. (ed. of 1846) 50. If the statute is confined to certain classes of persons, or to acts done at some particular time or place, the indictment must show that the party indicted, and the time and place when the alleged criminal acts were perpetrated, were such as to bring the supposed offence directly within the statute." *The People* v. *Allen,* 5 Denio, 76. "The facts and circumstances which are necessary to constitute a complete offence must be stated with distinctness and certainty." *The People* v. *Poggi,* 19 Cal. 600.

An indictment for this offence was held bad by our Su-

preme Court in *The State* v. *Johnson*, 21 Texas, 775, because it did not distinctly state that the defendant had the possession or care of the money by virtue of his clerkship when he converted it to his own use. Such allegation is required by all the standard precedents. 1 Whart. on Prec. of Indict. (3d ed.) 466–469. See also *The State* v. *Longworth*, 41 Texas, 162; *Gibbs* v. *The State*, 41 Texas, 491; *Baker* v. *The State*, 6 Texas Ct. App. 344.

Because the indictment is insufficient in law, the judgment is reversed and the cause remanded.

*Reversed and remanded.*