STATE v. POSS WINSTON.

*Indictment for Larceny—Confession of Prisoner, Compe-
tency of in Evidence.*

1. While the declarations and admissions of a prisoner, made after
   threats or inducements held out to him, are as a general rule
   incompetent as evidence against the prisoner, yet facts ascer-
   tained in consequence of such declarations or admissions, and
   declarations connected with and explaining such facts, are
   admissible. Hence,

2. On a trial of a defendant for larceny it was competent for a con-
   stable who had arrested the defendant to testify that, after
   he told the defendant that he knew about the stolen goods
   and that it would be best for him to tell, the defendant
   showed him where the goods were hidden.

INDICTMENT for larceny, tried before *Mebane, J.*, and a
jury, at Fall Term, 1894, of NASH Superior Court. The
defendant was convicted and appealed, assigning as error
the admission of evidence duly excepted to on the trial and
which is set out in the opinion of Associate Justice FURCHES.

*The Attorney General*, for the State.
*Mr. N. Y. Gulley*, for defendant (appellant).

FURCHES, J. :   This appeal presents but one question for
our consideration, and that is, as to the admissibility of the
evidence of Brantley, a constable who arrested the defend-
ant.

Brantley testified, under objection of the defendant, that
"Poss was arrested ; there was found soap and baking powder
and matches ; I told Poss that if he knew about where other
articles were, it would be better for him to tell." Coun-
sel for Poss Winston objected to witness testifying to any
statement made by Poss.   The Court allowed witness to
testify as to what he did in consequence of said statements.

Defendant, Poss Winston, excepted and witness proceeded

to testify—"That he found all the articles that Murray had missed, except a piece of white cloth ; found them in the garden where defendant lived. They were buried in the ground under some cabbage. He, Poss, pointed out where other articles were to be found. Poss requested to have this talk with me." Was this testimony admissible, is the question ?

The general rule is that, after threats or inducements held out to a defendant, as in this case, "it would be better for him to tell, if he knew, where other articles were," any admission made by him after that, would be incompetent. But there are exceptions to this rule, and it seems to us that this case comes within the exception. This rule is not intended for the benefit of guilty defendants, but in the interest of truth. And it has been wisely held that simple declarations and admissions, made under such inducements, are so unreliable that the law will exclude them from the consideration of the jury. But it seems also to be well settled, that any *facts* ascertained in consequence of such declarations or confessions, are admissible in evidence. And the declarations, connected with and explaining such *facts*, being considered a part of the *res gestae*, are also admissible. As in this case the defendant's going with the officer, a distance of a half mile, and pointing out the articles stolen, and telling the officer where other articles were concealed, and the officer finding the articles, as stated by the defendant, are admissible in evidence. The reason of the rule for excluding such admissions, as are induced by promises and hopes of favor, ceases in such cases as this, as there can be no mistake as to the truth of the fact that the goods were found where he said they were, and where he pointed them out to Brantley.

This doctrine is well settled in this State. *State* v. *Garrett,* 71 N. C., 85 ; *State* v. *Lindsay,* 78 N. C., 499, and authorities there cited.

These cases, especially Lindsay's case, fully sustain the ruling of the Court below, and we cannot sustain defendant's exception, without overruling these cases, which we have no disposition to do, as, in our opinion, they are founded on just principles and sound reasoning.

Affirmed.