State of Iowa, Appellee, v. Thomas Moran, Appellant.

Indictment: LIMITATIONS: EVIDENCE IN REMOVAL OF BAR. For the purpose of showing that an indictment is not barred because of absence of defendant from the State, the testimony of a warden of a penitentiary of a foreign State that he knew defendant for a certain period less the time credited to him for good behavior, was not objectionable on the ground that it tended to show a conviction for felony, which under the Code, is only provable by the record.

**Admission of evidence:** PREJUDICE. Admission of the testimony
2.  of a witness on a prosecution for larceny that defendant, while
confined in a pententiary in a foreign State, informed the
witness where the stolen property in the pending action would
be found, while improper but subsequently stricken out be-
cause obtained under a promise of immunity, is held to have
been without prejudice.

**Admission of defendant:** ADMISSIBILITY. The information of one
3  charged with larceny as to where the stolen property may be
found does not amount to a confession of the theft, and while
not admissible as a confession, yet if the information leads
to a discovery of other material facts, such facts and so much
of the admission as relates thereto are admissible.

**Admission of improper evidence:** WHEN ERROR IS CURED. Although
4  evidence on a criminal prosecution when offered and received
is incompetent and prejudicial to defendant, yet if upon
the production of further testimony it becomes competent
and material a reversal will not be ordered.

*Appeal from Monona District Court.*— HON. WM. HUTCHIN-
SON, Judge.

WEDNESDAY, OCTOBER 17, 1906.

THE defendant having been convicted of larceny, ap-
peals.—*Affirmed.*

*Prichard & Newby,* for appellant.

*C. W. Mullan,* Attorney General, and *L. DeGraff,* As-
sistant Attorney General, for the State.

WEAVER, J.— Defendant was charged with the laceny
of certain horses alleged to have been conmmitted on May
16, 1901.  As the indictment was not found within three
years after the date named it became essential
to the State's case to show that the operation
of the statute of limitations had been sus-
pended by the defendant's absence from the
State during that period.  To that end a witness was pro-
duced, who testified that he was, and for some time had

1. INDICTMENT:
   limitation:
   evidence in
   removal of
   bar.

been, warden of the State penitentiary at Stillwater, Minn.; that he had known defendant since September 17, 1902, and had known him in Minnesota for "three years and six months less good time." It is claimed that the overruling of defendant's objection to this testimony was error because it had the tendency to show that he had been convicted of felony and the Code elsewhere provides that this fact shall only be shown by the record of the conviction, or by the testimony of the party himself as a witness. We do not think the statute referred to was intended to apply to an instance of the kind here in hand. It was the right of the State to prove the absence of the accused from the State and the only direct and effective manner of doing that is by the testimony of witnesses who have seen and known him in the foreign jurisdiction. If, in giving such testimony, it incidentally crops out, or facts are stated from which it may be inferred that the defendant has been in prison, we think it does not violate the statute in letter or in spirit.

One Morrison was also called as a witness for the State, and was permitted to testify that, as an agent or representative of the complaining witness, he visited defendant in the Stillwater prison, and obtained from him an admission of his guilt of the crime charged in this case, and learned from him where the stolen horses could be found. Later in the examination, the court, becoming satisfied that the alleged confession had been made under a promise of immunity, sustained the objection thereto, and struck it from the record. It is now said that the later ruling could not have the effect to remove the prejudice caused by the improper admission of the testimony, and a new trial should be granted. With this we cannot agree. It is true that in some exceptional cases the effect of the admission of improper evidence is regarded as so clearly and seriously prejudicial that its subsequent withdrawal from the jury will not be regarded sufficient to cure the error; but the general rule is otherwise. It is not

2. ADMISSION OF
EVIDENCE:
prejudice.

possible for even the most watchful and careful trial court to keep from the jury at all times all testimony of an immaterial or incompetent character, and if, upon attention being called thereto, such matter is stricken out, we must under all ordinary circumstances assume that the jury has done its duty, and given it no weight or influence in reaching the verdict. We can, of course, readily conceive a case where, without the alleged confession, the State's showing is so weak and inconclusive that, upon an appeal from a judgment of conviction, we may properly say that the prejudice occasioned by the error in admitting the testimony was not cured by its withdrawal. But the record before us is not of that character. Independent of the alleged confession, the proof of the defendant's guilt was most clearly established, and we find nothing to justify us in saying that the jury may have disregarded its duty in the premises. *State v. Booth,* 121 Iowa, 710; *State v. Postlewait,* 14 Iowa, 446; *State v. Helm.* 97 Iowa, 382.

Nor was there any error in permitting the witness to say that, after talking with the defendant, he went to the place indicated by him and found the stolen horses. In the first place, the mere giving of the information where the stolen property might be found was not in itself evidence of his guilt of the larceny — much less was it a confession of guilt. Moreover, it is a well-established rule that, even where a confession is not in itself admissible in evidence against the accused, yet if, in consequence of such revelation, other material facts are discovered tending to establish guilt, then such facts, and so much of the confession as distinctly relates thereto, are admissible. 1 Wigmore's Evidence, sections 856–859; *Lowe v. State,* 88 Ala. 8 (7 South. 97); *State v. Height,* 117 Iowa, 650.

3. ADMISSIONS OF DEFENDANT: admissibility.

The witness Morrison in the course of his examination also produced a photograph of the appellant in prison stripes, with a prison number displayed upon his breast, which pic-

ture he claimed to have received from a sheriff in Minnesota,
and this exhibit was admitted in evidence over
appellant's objection.   This act upon part of
the public prosecutor was without justifica-
tion as the witness had already stated he was

4. ADMISSION OF
   IMPROPER
   EVIDENCE:
   when error
   is cured.

acquainted with the defendant, and recognized him as the
man he had seen in the Minnesota penitentiary, and who
made to him the alleged confession.   Were it not that, upon
the further examination of other witnesses, there was de-
veloped a legitimate use for the photograph in evidence, we
should promptly reverse the judgment appealed from.  . It
was the theory of the State that defendant, having stolen the
horses, took them to South Dakota, and a witness from that
State was called to identify him.   At the time of the trial
the defendant wore a mustache, but the person described by
the witness as having brought the horses to .Dakota was
smooth shaven, as was also the defendant at the time the
photograph was taken.   Counsel, therefore, showed the wit-
ness the photograph, and she claimed to be able to identify it
as the picture of the man who had the horses.   This use of
the exhibit, we are inclined to hold, was not erroneous, and
served fairly to cure the error of its earlier admission in evi-
dence.

Some other exceptions to evidence, and to rulings made
during the trial, are argued by counsel, but do not require
discussion.  We have considered all the points made in the
light of the record, and find no error requiring a reversal.

The judgment of the District Court is therefore af-
firmed.