STATE of Iowa, Appellee,

v.

Kevin Lamont HOWARD, Appellant.

No. 98–1392.

Court of Appeals of Iowa.

Dec. 13, 1999.

Thomas J. Miller, Attorney General, Roxann M. Ryan, Assistant Attorney General, William E. Davis, County Attorney, and Joseph Grubisich, Assistant County Attorney, for appellee.

Linda Del Gallo, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Heard by SACKETT, C.J., HUITINK, VOGEL, MAHAN, and ZIMMER, JJ., and SCHLEGEL,* S.J.

VOGEL, J.

Kevin Howard appeals his conviction and sentence, following a jury trial, for first-degree robbery. As we find the court erred in finding that Howard's mere ab-

* Senior judge assigned by order pursuant to      Iowa Code § 602.9206 (1999).

sence from the state tolled the statute of limitations, we conclude the State was barred from prosecuting the charged offense. We therefore reverse Howard's conviction and remand for dismissal of the charge.

**Background facts.** On March 29, 1993, the Helzberg's jewelry store in Davenport, Iowa, reported that it had been robbed of $30,000 to $40,000 worth of jewelry by a well-dressed, six-foot-tall black man with short hair. The clerk reported that the perpetrator had threatened her with a gun and carried off the jewelry in a small gift bag with twine handles. An initial investigation produced no prime suspects. However, on April 15, 1993, a jewelry store in Fairbault, Minnesota, was robbed in a similar fashion by an individual matching the description of the Davenport perpetrator. The perpetrator in the Fairbault robbery was apprehended soon after the robbery and identified as Kevin Howard.

When Davenport police received word of the Fairbault robbery, they requested Howard's photograph and palm prints. The Helzberg's store clerk picked Howard's photograph out of a lineup and police determined that Howard's print matched a print taken from the crime scene. On June 2, 1993, the Scott County attorney charged Howard, issued a warrant, and placed a detainer against him. During his incarceration in Minnesota, Howard filed two "protest letters" which expressed that he had no intention of requesting final disposition under the Interstate Agreement on Detainers.

Howard was released from prison in Minnesota on January 23, 1997, but was held an additional sixty days because of the detainer. Without further proceedings, Howard was released and placed on parole. Howard was subsequently arrested on another outstanding warrant in Missouri and was transported to Iowa. Finally, on February 26, 1998, Scott County filed a trial information alleging that Howard committed robbery in the first degree and detailing the acts occurring on March 29,

1993. Howard filed a pro se petition for writ of habeas corpus and a motion to dismiss, both based on the running of the statute of limitations. The district court denied both and the case proceeded to trial. A jury convicted Howard of robbery in the first degree and he now appeals.

**Scope of review.** We review issues involving statutory construction for errors at law. *See State v. Francois*, 577 N.W.2d 417, 417 (Iowa 1998) (citations omitted). We are not bound by the trial court's legal determinations. *Id.*

**Statute of limitations.** Howard claims the district court erred in determining that his prosecution was not barred by the statute of limitations.

Howard was charged with robbery in the first degree, a class "B" felony. *See* Iowa Code § 711.2 (1991). Generally, the State must prosecute a felony within three years after its commission. *See* Iowa Code § 802.3 (1991). However, the statute of limitations may be tolled when a person leaves the state with the intention of avoiding prosecution. *See* Iowa Code § 802.6(1) (1991). It is the State's burden to prove that the statute of limitations has been suspended. *See State v. Moran*, 131 Iowa 645, 645, 109 N.W. 187, 188 (1906).

Prior to 1979, the Iowa Code required that a felony action be commenced within three years excluding the period that the defendant was not publicly resident within the state. *See* Iowa Code §§ 752.3, 752.5 (1977). Iowa Code § 752.5 (1977) provided:

> If, when the offense is committed, the defendant is out of the state, the indictment or prosecution may be found or commenced within the time herein limited after his coming into the state, and no period during which the party charged was not publicly resident within the state is part of the limitation.

In 1979, the tolling statute was revised to reflect the current version found in Iowa Code section 802.6:

*When a person leaves the state with the intention of avoiding prosecution,* the indictment or prosecution may be found or commenced within the time herein limited after the person's coming into the state, and no period during which the party charged was not publicly resident within the state is a part of the limitation.

Iowa Code § 802.6(1) (emphasis added).

Therefore, under the previous statute, proof of a person's absence from the state was all that was required to toll the statute of limitations. The revised statute went beyond mere absence to require proof that a person left the state *with the intent to avoid prosecution* in order to toll the statute of limitations.

■ In enacting a statute, it is presumed that the entire statute is to be effective. Iowa Code § 4.4(2) (1991). Statutes should not be construed so as to make any part of it superfluous; therefore, we presume the legislature enacted each part of the statute for a purpose and intended that each part be given effect. *See In re G.J.A.,* 547 N.W.2d 3, 6 (Iowa 1996) (citation omitted). When a statute's terms are unambiguous and its meaning plain, there is no room for second-guessing legislative intent. *State v. Bond,* 493 N.W.2d 826, 828 (Iowa 1992); *State v. Burgs,* 479 N.W.2d 323, 324 (Iowa 1992).

■ In ruling on the habeas corpus petition and the motion to dismiss, the trial court found that it was only necessary for the State to show defendant's absence from the state. Howard asserts that the court misinterpreted the statute and that the State had the burden to show that he left the State of Iowa with the intention of avoiding prosecution. We agree. As stated before, the revised statute requires more than mere absence from the state. It requires that the State show a defendant left with the intent to avoid prosecution. There is no evidence in the record to establish this statutory requirement. By his own testimony, Howard went to Minnesota for one day, which was the same day he was arrested for the Fairbault jewelry store robbery. The record shows that on that date, April 15, 1993, the investigation into the Davenport robbery was closed and there were no known suspects. No charges were filed against Howard until June 2, 1993. His subsequent stay in Minnesota while the statute of limitations ran was due solely to his arrest, conviction, and imprisonment.

The State asks us to broaden the definition of "leaves the state" in the statute to include the act of simply "being absent" from the state or "avoiding return." We decline to do so. Such definitions would strain the plain meaning of the statute and would render the 1979 revisions to the statute utterly meaningless. We conclude the court erred in finding Howard's mere absence from the state tolled the statute of limitations.

■ The State points out that reversing the case would have the effect of rewarding Howard for refusing to waive extradition. However, this contention assumes the State was left without a remedy to prosecute. The State could have pursued extradition at any time during the statutory time frame. By failing to do so, the State is time-barred from prosecuting Howard for this offense.

As we are reversing Howard's conviction because of the running of the statute of limitations, we need not address his remaining arguments on appeal. We remand for dismissal of this case.

**REVERSED AND REMANDED.**