# State of Vermont v. Guy Margie

[120 A2d 807]

January Term, 1956.

Present: **Jeffords, C. J., Cleary, Adams and Hulburd, JJ., and Holden, Supr. J.**

Opinion Filed February 7, 1956.

*William B. Goldsbury*, State's Attorney, for the State.

*John Mulvey* for the respondent.

**Cleary, J.** This is a prosecution for having and keeping pin ball machines and permitting the use of them for purposes of gambling contrary to the provisions of V. S. 47, §8557. Trial was by the Franklin Municipal Court sitting without a jury after waiver by both the respondent and the State. The court made findings of fact with "a verdict of not guilty". The case is here on the State's exception and was passed to this Court under V. S. 47, §2456 before final judgment. The only question which the State presents is whether the "verdict" is supported by the findings.

V. S. 47, §8557 provides as follows: "A person who has or keeps on premises owned or occupied by him, implements or other things used in gambling and permits persons resorting to such premises to use such implements for the purpose of gambling shall be imprisoned" etc. The information charges that the respondent did have and keep on premises occupied by him, to-wit, "Dowling's Smoke Shop", implements used in gambling, to-wit, Bally pinball machines, and did then and there permit persons resorting thereto to use such implements for the purposes of gambling, contrary to the form of the statute, etc.

The findings of fact show that on two occasions in March, 1955, two state police officers used the pinball machines in "Dowling's Smoke Shop", which shop was owned and operated by the respondent, for the purpose of gambling and were

paid off their winnings in cash taken from the cash register in the store by one Ellis, an employee and agent of the respondent. The final paragraph of the findings of fact is the following: "(8) There is no direct or affirmative evidence that the respondent was present on the premises at the time of the payment of the sums of money by Ellis, or that he authorized Ellis to make such payments, or that any of Ellis' acts in making such payments, or his conduct, had the respondent's approval."

The State's exception to the "verdict" was on two grounds:

"(1) That the verdict is contrary to the Court's findings of fact in said case; (2) That the said verdict is contrary to law."

Although the facts found by the trial court are sufficient to support an inference that the respondent permitted the pinball machines in his shop to be used for the purpose of gambling, the trial court, by finding No. 8, expressly rejected such an inference so we cannot hold here that on the findings as made the respondent is guilty of that offense.

■ The conclusion of the trial court that the respondent was not guilty was based on its previous findings. The State's exception to this conclusion is sufficient to raise the question whether the facts justify a conviction. This question is so fundamental to the State's right that even though what we next consider was not briefed we shall relax our rule as to briefing and consider whether the respondent should have been found guilty by the trial court under V. S. 47, §8559. *In re Estate of Pringle*, 119 Vt 8, 117 A2d 379; *Ricci* v. *Bove's Exr.*, 118 Vt 463, 466, 114 A2d 648; *Sheldon* v. *Little*, 111 Vt 301, 306, 15 A2d 574; *Dependents of Vlahos* v. *Rutland Restaurant*, 104 Vt 188, 191, 157 A 832.

The facts found show the machines described in both counts of the information to be gambling devices or machines within our recent holding in *State* v. *Bally Beach Club Pinball Machine*, 119 Vt 123, 197, 119 A2d 876, 878, and as we stated in that case, "When, in fact, a machine is a gambling device its possession contrary to the statute becomes illegal whether it is operated or not."

■ ■ The presence of the gambling machines in the shop owned and operated by the respondent created a rebuttable presumption that the possession was his. *State* v. *Dropolski*, 100 Vt 259, 264, 136 A 835; *State* v. *Kempesti*, 102 Vt 152, 157, 147 A 273. The presumption thus created was not overcome by any of the lower court's findings to indicate that the possession was anything but unlawful. It is a general proposition that possession alone of personal property is presumptive evidence of ownership, and with nothing to oppose it is sufficient. *State* v. *Kamuda*, 98 Vt 466, 473, 129 A 306; *State* v. *Dropolski, supra.*

V. S. 47, §8558 prohibits a coin or slot machine, pinball machine or other device of like character wherein there enters any element of chance or by the use or operation of which there is an element of chance for the winning or losing of money or other things of value. V. S. 47, §8559 provides that a person shall be punished who has in his possession, or under his control, or who permits to be placed, maintained or kept in premises occupied by him, or under his management or control a machine, apparatus or device as mentioned in V. S. 47, §8558. Violation of V. S. 47, §8559 is a lesser offense than violation of V. S. 47, §8557.

■ A reading of the two sections shows that the offense described in §8557 includes within it the offense described in §8559. The facts found by the trial court show a violation of V. S. 47, §8559 and justify a conviction under this section. It has long been the law of this State, as at common law, that where an indictment or information charges an offense which includes within it another lesser offense or one of lower degree it is sufficient to prove so much of the charge as proves the respondent to have been guilty of a substantial crime, therein described, although not to the full extent charged against him. If the State fails to prove the greater offense, but proves the lesser, the respondent may be convicted of the lesser. *State* v. *Deso*, 110 Vt 1, 5, 1 A2d 710; *State* v. *Persons*, 117 Vt 556, 557, 96 A2d 818. So even if we hold that the State failed to establish a violation of V. S. 47, §8557 because of the inability of the trial court to find the second element of the offense

under §8557 the facts found by the trial court do constitute a violation of §8559 and justify a conviction under the latter section.

■ ■ The ultimate finding made by the lower court designated as a "verdict of Not Guilty" was a conclusion from the prior facts found but is contrary to such facts and so it cannot stand because inconsistent with the findings upon which it is based. *State* v. *Hallock*, 114 Vt 292, 295, 44 A2d 326. The exception taken by the State is sustained and the trial court's "verdict of Not Guilty" is set aside. Incidentally we point out that the designation of its conclusion as a verdict by the trial court was improper. None but a jury can render a verdict and a finding or determination of a court can only be expressed by an order or judgment. *McCullagh* v. *Allen*, 10 Kan 150, 154; *Bearce* v. *Barker*, 115 Mass 129.

It now becomes necessary to consider the respondent's demurrer to the complaint which the court overruled without prejudice to the respondent and which is here on the respondent's exception. The grounds of the demurrer are that the complaint does not indicate with sufficient certainty (a) the manner in which the alleged offense was committed; (b) how the implements were used for gambling; (c) of what the gambling consisted; and (d) who the "persons resorting thereto" were so that a defense might be made.

■ It is provided in Chap. 1, Art. 10 of the Constitution of our State that "in all prosecutions for criminal offenses, a person hath a right to demand the cause and nature of his accusation." Such information must be found in the complaint or other form of accusation to which he is called upon to plead, unaided by extrinsic facts. All that is required is that the charge be set forth with such particularity as will reasonably indicate the exact offense the accused is charged with, and will enable him to make intelligent preparation for his defense, and if the trial goes against him, to plead his conviction in a subsequent prosecution for the same offense. *State* v. *Villa*, 92 Vt 121, 122, 123, 102 A 935; *State* v. *Ryea*,

97 Vt 219, 221, 122 A 422; *State* v. *Caplan*, 100 Vt 140, 150, 135 A 705; *State* v. *Baker*, 100 Vt 380, 384, 138 A 736; *State* v. *Wersebe*, 107 Vt 529, 532, 181 A 299; *State* v. *Gosselin*, 110 Vt 361, 365, 6 A2d 14.

 Where the offense is one created by statute it is, in general, sufficient to describe the offense in the words of the statute. *State* v. *Cook*, 38 Vt 437, 439; *State* v. *Daley*, 41 Vt 564, 566. It is sufficient to charge a statutory offense in the words of the statute if every fact necessary to constitute the offense is charged or necessarily implied by following such language. *State* v. *Persons*, 114 Vt 435, 436, 46 A2d 854.

In *State* v. *Corcoran*, 73 Vt 404, 408, 412, 413, 50 A 1110, the indictment charged that the respondent kept a bucket shop and conducted and permitted the pretended buying and selling of stocks on margins without any intention of paying for the property so bought or sold, etc. The respondent claimed the acts done in conducting the business should have been alleged. The Court, at page 408, held "The several acts of pretended buying and selling are not the matters to be charged in connection with the keeping of the place, but the conducting and permitting of the business of pretended buying and selling"; and at page 413 held that the direct allegation that the respondent conducted the prohibited business, describing it in the words of the statute, was sufficient. In the present case the information not only followed the words of the statute but also described the place where and the time when the crime took place, it alleged every fact necessary to constitute the offense charged and it set out the names and serial numbers of the implements used.

Here, as in *State* v. *Corcoran*, *supra*, the several acts of gambling are not the matters to be charged but the keeping of the gambling instruments and permitting their use for gambling. The demurrer was properly overruled.

 Where a case comes before us on findings of fact, if a reversal is had, judgment will be rendered here such as the trial court should have rendered on the facts found. *Gaines* v. *Baldwin*, 92 Vt 451, 453, 104 A 825. See also *Smith* v. *Hill*, 45 Vt 90, 92; *Smead* v. *Sutherland*, 118 Vt 361, 367, 111 A2d

335. *Because we have sustained the exception by the State the "verdict of not guilty" is set aside; judgment that the respondent is guilty under each count of a violation of V. S. 47, §8559 and the cause is remanded for sentence.*