# State of Vermont v. Bertha D. Ball

(126 A2d 121)

May Term, 1956.

Present:  **Jeffords, C. J., Cleary, Adams and Hulburd, JJ. and Sylvester Supr. J.**

Opinion Filed October 2, 1956.

*William F. Kissell* and *James E. Bigelow* for the respondent.

*John W. Brockway*, State's Attorney, for the State.

**Cleary, J.** This is a criminal prosecution for the violation of what is known as "The Blanket Act", V. S. 47, §8468, which provides as follows: "8468. Parties found in bed together. A man with another man's wife, or a woman with another woman's husband, found in bed together, under circumstances affording presumption of an illicit intention, shall each be inprisoned", etc. The respondent pleaded not guilty; trial was by jury with a verdict, judgment of guilty and sentence. The judgment, sentence and excecution were respited and stayed and the cause passed to this Court. It is here on the respondent's exceptions. We shall dispose of these now relied upon in the order they appeared during the trial.

■ William F. Moody, the alleged particeps criminis, appeared as a state witness. The respondent objected to his attire as prejudicial which conveys" to the jury certain punishment which ought to be meted out to both." It does not appear what the attire was and, as the trial court stated, the question of punishment was for the court. Allowing the witness to appear, as then attired, was a matter of the trial court's discretion and no abuse of discretion appears so the exception saved is of no avail. After testifying that he and the respondent went to her house, that the respondent told him "We will have the whole house to ourself," that they both undressed and both got into the same bed, that while they were in bed there was a knock on the door and a bang, that Mrs. Ball got out of bed and went into another part of the house, that someone entered the house, that he got up, was sitting in a chair putting his pants on, got hit, must have been knocked

out, and the next thing he remembered he was in another house nude, that he had never been a respondent or arrested, he was asked "Where are you presently living?" and after objection and exception "this being prejudicial to the respondent" was allowed to answer "Vermont State Prison". The question was improper and harmful to the respondent and the exception must be sustained. *State* v. *Gargano,* 99 Conn 103, 121 A 657, 659, 660; *Commonwealth* v. *Thompson,* 99 Mass 444, 446; *State* v. *Allison,* 175 Minn 218, 220 NW 563, 61 ALR 970, 972.

■ The respondent's husband testified he arrived home in his automobile sometime after one o'clock in the morning and found the front screen door locked; he rapped, received no answer, went to bedroom window and listened. He was then asked, "What did you hear?" After objection "on the ground of the Vermont statute privilege of husband and wife as to communications between them and other persons" he was allowed to answer: "I heard my wife say 'Bill, up, my husband just drove in the yard.' " The husband went to the back door of the house, forced it open, turned the switch light on in the kitchen, saw his wife running from the bedroom, wearing a silk nightdress, saw Moody getting out of bed, saw him get in a chair with his pants in his hands, and saw the respondent's clothing at the foot of the bed. V. S. 47, §1738 provides that neither a husband nor a wife shall be allowed to testify against the other as to a statement, conversation, letter or other communication made to the other or to another person. Here the question objected to called for the respondent's husband to testify as to a communication made by the respondent to another person. The language of the statute we have mentioned is plain and its meaning clear. After objection it was error for the trial court to allow the respondent's husband to answer and the exception taken to this ruling must be sustained.

■ At the close of all the evidence the trial court denied the respondent's motion for a directed verdict. The motion was on three grounds. The first two grounds had to do with the sufficiency of the information and the statute under which the complaint was brought. These questions could not be raised on a motion for a directed verdict. Such a motion

is in the nature of a demurrer to the evidence and brings before the court the question of the sufficiency of the evidence to support the allegations of the information but not the sufficiency of the allegations in the information. Having joined issue by her plea of not guilty the issue was as to the truth of the facts alleged and not their sufficiency in law. *State* v. *Perkins*, 88 Vt 121, 125, 92 A 1; *State* v. *Rosenburg*, 88 Vt 223, 232, 233, 92 A 145; *State* v. *Colby*, 98 Vt 96, 97, 126 A 510; *State* v. *Cocklin*, 109 Vt 207, 215, 216, 194 A 378. The third ground was that there was no evidence that anybody found the respondent and Moody in bed together. From the facts we have related, supra, with the reasonable inferences to be drawn therefrom, the evidence was sufficient to justify a jury, acting fairly and reasonably, to find that the respondent and Moody were found in bed together. There was no error in the court's ruling denying the motion for a directed verdict. In briefing the motion for a directed verdict the respondent's brief argues circumstantial evidence of an illicit intention, presumption of an illicit intention and adulterous disposition. None of these arguments are for consideration because they were not made grounds of the motion in the court below. *Downing* v. *Wimble*, 97 Vt 390, 393, 123 A 433; *Union Co-op Store* v. *Fumigalli*, 107 Vt 145, 148, 175 A 847; *Bonneau* v. *Russell*, 117 Vt 134, 136, 85 A2d 569.

In her brief the respondent refers to her requests to charge the jury but the transcript shows no exception to the failure of the trial court to comply with the requests to charge so no question is before us regarding them. *City Electric Service* v. *Estey Organ Co.*, 117 Vt 318, 319, 91 A2d 562. The respondent saved two exceptions to the court's charge. The first exception was as follows: "Respondent objects to the Court's charge that in this case it is not necessary that there be any intent to have sexual intercourse it being enough that the parties were in bed together." The court did not charge what the respondent claimed in her first exception to the charge. The language of the charge was as follows: "In order to constitute the offense that is here charged, it is not necessary that the respondent should have had sexual intercourse with her

companion. It is not necessary that you should find that she even had the intention to do so. It is enough if these two persons were found in bed together under such circumstances as would afford a presumption that they had an illicit intention." "So in order to find the respondent guilty you must determine from all the evidence, * * *, if you find that they were in bed, that the circumstances were of such a nature as to cause you to presume that they had an intention to have unlawful sexual intercourse with each other." This was nearly identical with the charge approved by this court in *State* v. *Vadney*, 108 Vt 299, 302-303, 187 A 381. In her brief the respondent concedes that "no intention need be proved." The exception is not sustained.

■ The respondent has not briefed her second exception to the charge so it is waived. *Loeb* v. *Loeb*, 118 Vt 472, 478, 114 A2d 518; *Hanley* v. *United Steel Workers of America*, 118 Vt 378, 379, 110 A2d 728; *Sivret* v. *Knight*, 118 Vt 343, 349, 109 A2d 495.

After verdict and before judgment the respondent filed motions to set aside the verdict and for a new trial; for judgment notwithstanding the verdict; and in arrest of judgment. It is unnecessary to consider the motion to set aside the verdict since a new trial must be granted for errors regarding the admission of evidence.

The only ground stated in the motion for judgment notwithstanding the verdict that is briefed by the respondent is that there was no evidence that she was found in bed with any man not her husband. There was evidence from which the jury, acting fairly and reasonably, could have found that at the time material the respondent was the wife of Justin Ball. In fact this evidence was uncontradicted. And we have already held supra that there was sufficient evidence to find that the respondent and Moody were found in bed together. So the exception to the trial court's overruling the motion for judgment notwithstanding the verdict is not sustained.

The motion in arrest of judgment was on the grounds that the information "states no cause of action", and "the state has failed to prove a cause of action." The lower court allowed two amendments to be made to the information. As finally amended it charged that, at Weathersfield, on October 3, 1954, the respon-

dent, Bertha D. Ball, a married woman, was found in bed with one William F. Moody, a single man, under circumstances affording a presumption of illicit intention, to wit, the intention of unlawful connection. The first amendment, made before trial, after the respondent's counsel stated there was no objection, added the words "to wit, the intention of unlawful connection."

The respondent now claims the information as originally drafted was faulty because it did not set forth what illicit intent was referred to and the amendment did not supply the details required under the rule stated in *State* v. *Miller,* 60 Vt 90, 92, 12 A 526. The respondent did not make the present claim in the court below so cannot do so here. The trial court cannot be put in error on a point not made below. *State* v. *Demag,* 118 Vt 273, 275, 277, 108 A2d 390; *State* v. *Wersebe,* 107 Vt 529, 534, 181 A 299; *State* v. *Storrs,* 105 Vt 180, 184, 163 A 560; *State* v. *Stacy,* 104 Vt 379, 410, 160 A 257, 747.

The second amendment to the information, made after the close of all the evidence and after the respondent's motion for a directed verdict but before the arguments of counsel and the court's charge to the jury added the words "a single man" after the name "William F. Moody". After the amendments the respondent waived the reading of the information as amended and pleaded not guilty to the amended information. The respondent excepted to the allowance of the second amendment because it was out of time and cites *State* v. *Rouillard,* 107 Vt 487, 180 A 890. She argues that before the second amendment was made the information had no allegation that William F. Moody was a man or a man not married to the respondent; and that the amendment was a material one because she was entitled to know in advance of trial, the exact nature of the offense with which she was charged.

In the Rouillard case the information charged a crime in alternative or disjunctive form and the case holds that the trial court erred in allowing one of the disjunctive allegations to be struck out because the information before amendment did not reasonably indicate the exact offense charged. Here the information, before the second amendment, did not have such a fault. It reasonably indicated to the respondent the exact nature of

the offence with which she was charged and that William F. Moody was a man and that he was not married to the respondent. The amendment furnished the respondent with an additional fact but it was unnecessary because whether Moody was single was immaterial to the issue that was being tried. All that was necessary in that respect was that one of the parties be married at the time alleged in the information and here it alleged that the respondent was such. That Moody was not married to the respondent was implied, otherwise the circumstances would not afford a presumption of illicit intention. As against a motion in arrest, argumentative allegations are sufficient. *State* v. *Clark*, 83 Vt 305, 308, 75 A 534; *State* v. *Eaton*, 92 Vt 290, 292, 102 A 1025. Moreover, in order to entitle the State to a verdict of conviction, it was necessary for it to show the above stated fact as implied from those expressly alleged, and the information is aided by the verdict. *State* v. *Eaton*, 92 Vt 290, 293, 102 A 1025. There was no error in the denial of the respondent's motion in arrest of judgment.

Even if the information was defective in the respects claimed it is the modern practice when a defect is discovered in this Court to remand the case with leave to amend instead of arresting the judgment in cases which have come here on respondent's exceptions to the lower court's refusal to grant motions in arrest. *State* v. *Rouillard*, 107 Vt 487, 490, 180 A 890; *State* v. *Harre*, 109 Vt 217, 220, 195 A 244; *State* v. *Gosselin*, 110 Vt 361, 367, 6 A2d 14. It would be fitting to adopt this procedure here since it is necessary to remand the case because of the errors regarding the admission of evidence already considered and decided. If the information in this case had simply alleged that at the time of the offense the respondent was married to Justin Ball, who was still living, that the respondent was found in bed with William F. Moody, the man who was not her husband, and that the illicit intention was to have sexual intercourse, many of the objections and exceptions would not have been for our consideration. We assume such an amendment will be made before a retrial.

*Judgment reversed and cause remanded, with leave to apply to amend the information.*