## State of Vermont v. Herbert G. Parker

[189 A.2d 540]

January Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed March 6, 1963

*John A. Rocray,* State's Attorney, for the State.

*Kissell & Kissell* for the respondent.

**Shangraw, J.** This is a prosecution under the provisions of 23 V.S.A. §1183, which reads in part as follows: "A person shall

not operate or attempt to operate a motor vehicle while under the influence of intoxicating liquor or drugs." The case was tried by jury before the Bellows Falls Municipal Court. The jury returned a verdict of guilty. This was followed by respondent's motion to set aside the verdict, and also a motion in arrest of judgment. These motions were overruled and judgment was entered on the verdict. The respondent has appealed to this Court.

The complaint charges that the respondent, at a time and place named, did "then and there operate or attempt to operate a motor vehicle . . . while under the influence of intoxicating liquor, . . ."

In our disposition of this case we need only consider the motion in arrest of judgment. The respondent's motion to set aside the verdict challenges the legal sufficiency of the complaint, and contains, in substance, the same grounds as set forth in the motion in arrest of judgment. The sufficiency of the complaint could not be raised by the motion to set aside the verdict. Such a motion is in the nature of a demurrer to the evidence and brings before the court the question of the sufficiency of the evidence to support the allegations of the complaint, but not the sufficiency of the allegations in law. On this point it is akin to a motion for a directed verdict. *Dashnow* v. *Myers,* 121 Vt. 273, 278, 155 A.2d 859. See *State* v. *Ball,* 119 Vt. 306, 308, 309, 126 A.2d 121; *State* v. *Cocklin,* 109 Vt. 207, 215, 216, 194 Atl. 378.

After verdict, a proper way to reach a defective complaint is by motion in arrest of judgment. *State* v. *Gosselin,* 110 Vt. 361, 365, 6 A.2d 14.

The assignment of error set forth in the respondent's motion in arrest of judgment is to the effect that the complaint is fatally defective in that it charges the commission of offenses in the alternative or disjunctive form, by alleging that the respondent did then and there "operate or attempt to operate" a motor vehicle on the public highway while under the influence of intoxicating liquor. To this end, he urges that the complaint fails to meet the standard required by Chapter 1, Art. 10 of the Vermont Constitution.

This article of the state constitution provides that "in all prosecutions for criminal offenses a person hath a right to demand the cause and nature of his. accusation." In referring to this pro-

vision this Court, in the case of *State* v. *Margie,* 119 Vt. 137, 141, 120 A.2d 807, 810 made this statement: "Such information must be found in the complaint or other form of accusation to which he is called upon to plead, unaided by extrinsic facts. All that is required is that the charge be set forth with such particularity as will reasonably indicate the exact offense the accused is charged with, and will enable him to make intelligent preparation for his defense, and if the trial goes against him, to plead his conviction in a subsequent prosecution for the same offense."

It is not a second jeopardy for the same act, but a second jeopardy for the same offense that is prohibited. *State* v. *O'Brien,* 106 Vt. 97, 104, 170 Atl. 98. By statutory enactment a person shall not be held to answer on a second complaint, information or indictment for an offense of which he was acquitted by a jury upon the merits on a former trial. 13 V.S.A. §6556.

Where one offense is a necessary element in, and constitutes a part of, another, and both are in fact but one transaction, an acquittal or conviction of one is a bar to a prosecution for the other. *State* v. *Deso,* 110 Vt. 1, 11, 1 A.2d 710. Conversely, the same act may constitute two separate crimes, and, if they are not so related that one of them is a constituent part, or necessary element, in the other, so that both are in fact one transaction, a prosecution and conviction may be had for each offense. *State* v. *O'Brien, supra,* 104; 23 V.S.A. §4, sub-section (18) provides: " 'Operate,' 'operating' or 'operated' as applied to motor vehicles shall include an attempt to operate, and shall be construed to cover all matters and things connected with the presence and use of motor vehicles on the highway, whether they be in motion or at rest." With this definite statute in mind, it has been held that preliminary acts such as the turning of an ignition switch, which put the self-starter of an automobile in motion, constituted operating a motor vehicle, and a violation of the statute, 23 V.S.A. §1183, under which this respondent was prosecuted. *State* v. *Storrs,* 105 Vt. 180, 184, 163 Atl. 560. Likewise, steering a towed automobile. *State* v. *Tacey,* 102 Vt. 439, 441, 442, 150 Atl. 68, 68 A.L.R. 1353.

When we speak of an attempt we ordinarily mean an attempt to commit a crime. When the legislature used the word "attempt"

here, it was not being employed in the sense of an attempt to commit a crime, but merely an attempt to operate. Attempting to operate, and operation, under the statute means the same thing. Construing the statute otherwise would be reading into the legislative enactment a technical proposition with which it was not concerned. The words "attempt to operate" are not words of art, and it is not proper to construe them in that light. It is the act of operating which the statute forbids.

We hold that the complaint meets the standard required by Ch. 1, Art. 10 of the Vermont Constitution, and that respondent's claim is without merit.

*Judgment affirmed and cause remanded.*