**State of Vermont v. Charles Edward Chapman**

[ 224 A.2d 925 ]

October Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 6, 1966

*Peter Forbes Langrock* for defendant.

**Shangraw, J.**  This prosecution was commenced by the State's Attorney for Addison County on an information returnable to the Addison Municipal Court. The information recites that it was issued in his proper person, and on his oath of office, and insofar as here material is in form and substance as follows:

"* * * that Charles Edward Chapman of Vergennes in the County of Addison at Ferrisburg in said County of Addison on to wit, the 6th day of September, 1965; did then and there operate a motor vehicle over and upon the public highway known as: U.S. Route 7

☒ in excess of the legal posted speed limit, to wit, 70 miles per hour in a 50 mile-per-hour zone,

☐ in violation of the law of the road, to wit,

☐ in a careless and negligent manner to.endanger and jeopardize the life, safety, and property of a person, to wit, did fail to maintain adequate and proper control of the vehicle he was so operating,

☐ while under the influence of intoxicating liquor and drugs,

☐ while his operator's license and right to operate a motor vehicle were suspended and before the same had been re-instated by the Commissioner of Motor Vehicles,

☐ WHEREUPON AN ACCIDENT ENSUED,

contrary to the form of the statute, in such case made and provided, and against the peace and dignity of the State.

JOHN MASTERTON
*State's Attorney*

The information reveals that it was exhibited to the court on September 10, 1965 and a wararnt for the respondent's arrest issued on the same date by the clerk of the Addison Municipal Court.

Upon trial the respondent was found guilty by a jury of the charge of operating a motor vehicle over and upon the public highway known as Route 7 in excess of the legal posted limit.

Before trial respondent moved for a dismissal of the complaint. After verdict he then moved in arrest of judgment. These motions

were based on the assumption that the complaint failed to meet the standard required by Ch. 1, Art. 10 of the Vermont Constitution, which in part reads: "That in all prosecutions for criminal offenses, a person hath a right . . . to demand the nature and cause of his accusation; . . . " Each motion was denied.

Following the motion to dismiss the State's Attorney indicated that the complaint, as therein set forth, was limited to speeding, and so considered by the court throughout the trial.

Respondent has appealed from the conviction and has briefed several assignments of error. We now consider the motion in arrest of judgment.

■ After verdict, a proper way to reach a defective complaint is by motion in arrest of judgment. *State* v. *Parker,* 123 Vt. 369, 370, 189 A.2d 540; *State* v. *Gosselin,* 110 Vt. 361, 365, 6 A.2d 14.

In referring to Ch. 1, Art. 10 of the Vermont Constitution, this Court, in the case of *State* v. *Margie,* 119 Vt. 137, 141, 120 A.2d 807, 810, stated: "Such information must be found in the complaint or other form of accusation to which he is called upon to plead, unaided by extrinsic facts. All that is required is that the charge be set forth with such particularity as will reasonably indicate the exact offense the accused is charged with, and will enable him to make intelligent preparation for his defense, and if the trial goes against him, to plead his conviction in a subsequent prosecution for the same offense." *State* v. *Cliffside, Inc.,* 120 Vt. 265, 266, 138 A.2d 310; *State* v. *Parker,* 123 Vt. 369, 371, 189 A.2d 540.

■ An indictment or information must set forth the offense charged with certainty and particularity. It should leave no doubt as to the crime charged in either the mind of an accused or of the court. 42 C.J.S. Indictments and Information, §100, pages 974, 975.

■ The averments in a criminal complaint must be such as clearly to designate, not only the particular kind of offense, but the specific criminal act for which the accused is to answer. 27 Am. Jur. Indictments and Information, §58, page 624. In *State* v. *Van Ness,* 109 Vt. 392, 400, 199 Atl. 759, 117 A.L.R. 415, it was held that a complaint or information which may apply to one of several definite offenses, without specifying which, is fatally defective under common law and under Ch. 1, Art. 10 of the Constitution of Vermont. To

summarize, a respondent is entitled to be informed of the exact nature of the charge brought against him. *State* v. *Margie, supra,* 141, 142, and cases cited.

The information contains several printed offenses. The "x" inserted in the box or square preceding the speeding charge, of which respondent was convicted, is the only indication contained in the information to apprise the respondent on which of the several charges he was to stand trial. The remaining printed offenses were not deleted.

Again referring to the form and substance of the information, it must be admitted that except by a studied examination of the information by a person fully familiar with the significance, effect, and meaning of the "x" inserted in the square in question, a grave doubt would arise in the mind of a respondent as to which of the several alleged offenses he must be prepared to meet. For this reason it lacks certainty and particularity, and does not meet the standard required by Ch. 1, Art. 10 of the Vermont Constitution. It may also violate Ch. 1, Art. 11 of the State Constitution. See *State* v. *Donaldson,* 101 Vt. 483, 486, 144 Atl. 684.

The motion in arrest of judgment should have been granted. Our disposition of this case on this ground makes it unnecessary to consider the remaining assignments of error.

*The order denying the motion in arrest of judgment is reversed, the motion is sustained, judgment is arrested, and the respondent is discharged.*