## State of Vermont v. Robert D. Mace

[578 A.2d 104]

No. 89-166

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed June 8, 1990

*Jeffrey L. Amestoy*, Attorney General, Montpelier, and *Donal F. Hartman*, Assistant Attorney General, Waterbury, for Plaintiff-Appellee.

*Walter M. Morris, Jr.*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Gibson, J.** Defendant Robert Mace appeals from an order of the district court finding him in violation of his probation and sentencing him to sixty days of a previously suspended one-to-five-year sentence. We affirm.

## I.

In July of 1987, defendant was charged with sexually assaulting his fourteen-year-old stepdaughter. Pursuant to a plea agreement, he pled guilty in March of 1988 to an amended charge of lewd or lascivious conduct with a child. The court suspended a one-to-five-year sentence, and imposed an order of probation. Referring to the suspended sentence and probation conditions, the court stated,

> And the conditions are to be taken very seriously. The only reason I'm going this way is to give you and your family a shot at doing this successfully. And I would expect that you would participate with some enthusiasm. And I think that either myself or any other judge, were you not to do so, would view it very seriously. And you'd probably be looking at a straight 1 to 5 on a violation of those conditions.

In May of 1988, defendant signed a probation agreement that included the following provision: "You shall attend, participate, and complete the sexual therapy program at Orange County Mental Health in Randolph as directed by [your therapist] and approved by your probation officer."

On December 7, 1988, defendant's therapist and parole officer informed defendant that his continuing denial of having had sexual intercourse with his stepdaughter was interfering with the successful completion of his therapy. Defendant admitted that he had sexually molested his stepdaughter, but denied having had sexual intercourse with her and stated that he would never admit to having done so. As a result, defendant's probation officer cited defendant for a violation of probation effective December 12, 1988.

At subsequent hearings, the trial court found that defendant had violated the probation condition requiring that he complete the sexual therapy program, and sentenced him to serve sixty days of the previously suspended sentence. The sentence was stayed pending appeal. On appeal, defendant argues that the order revoking his probation for refusing to admit to a crime that he denied committing violated his due process right to fair notice of the conditions of his probation, his privilege against self-incrimination, and his First Amendment right against the coerced expression of belief.

## II.

Defendant first contends that because his probation agreement neither explicitly nor implicitly required that he admit having had sexual intercourse with his stepdaughter, he had no fair notice that his probation could be revoked based on his refusal to make such an admission. We disagree.

Despite defendant's attempts to distinguish the case, *State v. Peck*, 149 Vt. 617, 547 A.2d 1329 (1988), is dispositive of this issue. In *Peck*, as the result of a plea agreement, the defendant pled nolo contendere to a charge of simple assault, which had been amended from an original charge of committing a lewd or lascivious act with a child. The defendant signed a probation agreement that included a provision requiring him "to participate in and complete mental health counseling to the full satisfaction of his probation officer." *Id.* at 618, 547 A.2d at 1330. The probation officer later directed him to participate in a sex offender's counseling group, where he was told that he would have to take responsibility for past conduct in order to complete the program successfully. The defendant attended the group for six months but continually refused to admit having committed any sexual offense; as a result, he was terminated from the group and cited for a violation of probation.

In affirming the trial court's conclusion that the defendant had violated his probation agreement, we stated that "[f]air notice can . . . be provided by the instructions and directions given to defendant by his or her probation officer," and that the directions provided by the probation officer in that case constituted fair notice to defendant. *Id.* at 619–20, 547 A.2d at 1331. We also noted that there was no danger of forcing defendant to admit to an offense he had not committed because the presentence investigation report contained evidence that he had admitted having sexual contact with the victim. *Id.* at 621, 547 A.2d at 1331–32.

Defendant attempts to distinguish *Peck* in two ways. First, he maintains that in *Peck* the same judge who imposed the probation conditions sat at the revocation hearing and thus was able to determine that the defendant had fair notice that his conduct violated the conditions. According to defendant, in the instant case, the judge who revoked probation was not the same judge who had imposed probation, and, therefore, was unable to determine that defendant had fair warning that refusing to acknowledge certain acts would constitute a probation violation. This argument is without merit. The *Peck* opinion does not indicate whether the same judge sat at both the sentencing and revocation of probation hearings; in any event, there is no re-

quirement that the judge revoking probation must be the same judge who set the probation conditions. In both *Peck* and the instant case, the defendants agreed to probation conditions that required them to participate in a treatment program as directed by their probation officers. Further, the probation officers in both cases informed the defendants that they would have to take responsibility for their conduct in order to complete their programs successfully, and that successful completion of the programs was a prerequisite to satisfying the above probation conditions. The defendants had virtually the same notice in both cases.

Second, defendant argues that, unlike the defendant in *Peck*, he never acknowledged committing the acts that his probation officer later required him to acknowledge. We disagree. As in *Peck*, the trial court based its finding of a probation violation, in part, on the fact that defendant had admitted to the act that he later denied committing. At the violation of probation hearing, defendant's therapist testified that defendant had admitted in a group therapy session to having had oral sex with his stepdaughter on several occasions, and to telling his wife that he had had intercourse with his stepdaughter. Moreover, the victim's own statement made at the time of the investigation also indicated that defendant had had sexual intercourse with her. The court stated that it believed that defendant had truthfully admitted to his wife that he had had intercourse with his stepdaughter and that it did not believe the testimony of defendant's wife and stepdaughter at the violation hearing that sexual intercourse had never actually occurred. Accordingly, the court found that sexual intercourse had occurred and that, by refusing to take responsibility for his actions through a full disclosure of them and by not participating in and completing the required treatment program, defendant had violated one of his probation conditions. We find no error. *Id.* at 620, 547 A.2d at 1331 (court's findings will stand if fairly and reasonably supported by credible evidence).

Defendant argues that even if he admitted to having had sexual intercourse with his stepdaughter, the admission came after the probation conditions were imposed. This fact is irrelevant.

The court required defendant to participate in rehabilitative therapy *as directed by his therapist and probation officer.* Such a condition is reasonably related to the rehabilitation of defendant and thus lies within the discretion of the court. See *id.* at 622–23, 547 A.2d at 1333. If it should develop that unreasonable demands are placed upon a defendant during therapy, the court, in its discretion, may refuse to find a violation, and further, may order a change in the conditions of probation, if necessary. See *State v. Gleason,* 154 Vt. 205, 209, 576 A.2d 1246, 1248 (1990).

At the violation hearing, the therapist testified that defendant was in a state of denial regarding what had taken place with his stepdaughter, and that he would have to come to terms with his past conduct in order to benefit fully from the program. Regardless of when defendant acknowledged having had intercourse with his stepdaughter, with that information in mind, his therapist and probation officer acted within the scope of the probation conditions when they required defendant to openly admit and frankly discuss what had occurred. Defendant was given notice that his continued denial of what had taken place would result in a violation of probation, which had been granted to him with the admonition that he "participate with enthusiasm" in the rehabilitation program. There was no due process violation of the fair notice requirement. See *Gleason,* 154 Vt. at 216, 576 A.2d at 1252; *State v. Foster,* 151 Vt. 442, 447, 561 A.2d 107, 109–10 (1989).

### III.

Defendant also contends that requiring him to admit to having had sexual intercourse with his stepdaughter, in effect, forces him to incriminate himself and coerces speech in violation of the Fifth and First Amendments to the United States Constitution. We disagree. Regarding defendant's self-incrimination argument, a defendant convicted of a related lesser offense pursuant to a plea agreement cannot later be prosecuted for the originally charged greater offense. Cf. *State v. Parker,* 123 Vt. 369, 371, 189 A.2d 540, 541–42 (1963) (where one offense constitutes part of another, and both stem from the same transaction, judgment of one bars prosecution for the other). There-

fore, defendant retains no privilege against self-incrimination with respect to his actions surrounding his conviction for lewd or lascivious conduct with a child. Cf. *People v. McCutcheon*, 68 Ill. 2d 101, 106–07, 368 N.E.2d 886, 888–89 (1977) (on related facts, case implies that conviction of lesser charge resulting from plea bargain would preclude later prosecution on greater charge).

■ Defendant, however, refers us to the affidavit of probable cause accompanying the original charge, in which the investigating officer reported that the victim had told him that her stepfather had been having sexual intercourse with her since she was eleven. Citing *State v. Ramsay*, 146 Vt. 70, 73, 499 A.2d 15, 17 (1985), defendant contends that he could still face prosecution for having committed different sexual acts against his stepdaughter on different days. While this is theoretically true, we conclude that defendant has not shown that he faces a "realistic threat of self-incrimination." See *Minnesota v. Murphy*, 465 U.S. 420, 427, 435 n.7 (1984). The court imposed probation conditions aimed at treating defendant for aberrant sexual behavior toward his stepdaughter. In furtherance of that goal, defendant was compelled to divulge and discuss his sexual conduct with his stepdaughter. The record makes it clear that the mental health clinic's goal of full disclosure of this conduct is aimed at rehabilitation and treatment, not later prosecution.

## IV.

■ ■ Defendant's First Amendment argument, explicitly raised for the first time on appeal, does not reveal plain error. See *Gleason*, 154 Vt. at 210–11, 576 A.2d at 1249 (absent plain error, we will not consider issues raised for the first time on appeal, even in the context of a probation hearing where the defendant asserts a violation of constitutional rights). Probation conditions may impact upon a probationer's First Amendment rights so long as the conditions have a reasonable nexus with rehabilitation of the defendant and protection of the public. See, e.g., *United States v. Terrigno*, 838 F.2d 371, 374 (9th Cir. 1988). Such is the case here.

*Affirmed.*