**STATE of Vermont v. William J. RICKERT**

[665 A.2d 887]

No. 94-187

August 29, 1995. Petitioner appeals the trial court's revocation of his probation on the grounds that his refusal to admit to certain facts pertinent to charges on which he was convicted is protected by the First, Fifth, and Fourteenth Amendments to the United States Constitution and Chapter I, Article 10 of the Vermont Constitution. We affirm.

During July and August of 1993, petitioner was arrested and arraigned on various charges that he assaulted and harassed his girlfriend, then violated conditions of his release and an abuse prevention order. Pursuant to a plea negotiation, defendant pled nolo contendere to aggravated domestic assault, domestic abuse, violation of an abuse prevention order, simple assault, and unlawful trespass, and the State agreed not to bring additional charges arising from the same incidents. The judge accepted the nolo plea, suspended petitioner's 21-day to three-year sentence, and conditioned petitioner's probation on several conditions. The two conditions pertinent to this appeal were that he not contact his girlfriend and that he participate in and complete a Domestic Assault Education Program (DAEP). Petitioner accepted the terms of his probation without objection.

In October 1993, police arrested petitioner at his girlfriend's house for violating a condition of his probation. A few days later, petitioner attended a DAEP orientation. Following a forty-five-minute interview, the in-take counselor concluded that petitioner had "made himself unavailable for treatment" because he denied many of the underlying charges and

refused to take responsibility for his conduct. While petitioner admitted to both various incidents of abuse supporting the underlying convictions and a history of abuse, he refused to admit to certain facts relating to the charges for which he was convicted. Petitioner's probation officer commenced revocation proceedings. The trial court concluded that petitioner had violated two conditions of his probation and imposed the underlying sentence with credit for time served.

On appeal, petitioner contends that his Fifth Amendment privilege to be free from self-incrimination was violated when the court revoked his probation because he refused to admit to certain elements of the underlying offenses. Petitioner asserts that the privilege against self-incrimination forbids the State from imprisoning a probationer because "of his conscientious refusal to confess to the crime of which he was convicted." For the same reason, he also argues that the coerced admissions would violate his First Amendment right to be free from coerced speech. Finally, petitioner argues that if a probationer pleads nolo contendere to certain charges, due process requires clear and convincing evidence that the underlying allegations are true before probation can be revoked.

Petitioner devotes the majority of his brief to tracing the origins of the Fifth Amendment's privilege from the medieval star chamber to the Salem witch trials of colonial America. Beyond his policy argument, he makes no attempt to factually or legally distinguish his particular circumstances from those faced by the defendant in *State v. Gleason*, 154 Vt. 205, 576 A.2d 1246 (1990). In *Gleason*, we held that the Fifth Amendment may not be invoked to protect a probationer who refuses to answer his rehabilitative therapist's questions relating to charges for which he has already been convicted,

notwithstanding the fact that defendant pled nolo contendere. *Id.* at 212, 576 A.2d at 1250 (relying on *Minnesota v. Murphy*, 465 U.S. 420, 435-36 n.7 (1984)). As in *Gleason*, petitioner has not argued that his refusals may incriminate him in later proceedings or that the State has threatened to augment his sentence because of his refusal. As we noted in *Gleason*, "because of the protection against double jeopardy, [petitioner] faces no threat of subsequent prosecution" for the challenged admissions. *Id.* Based on this record, petitioner has not identified any reason why this Court should reconsider *Gleason*, which clearly controls the case before us.

Similarly, petitioner has offered nothing more than general policy argument in support of his First Amendment claim. In *State v. Mace*, 154 Vt. 430, 436, 578 A.2d 104, 108 (1990), we concluded that "[p]robation conditions may impact upon a probationer's First Amendment rights so long as the conditions have a reasonable nexus with rehabilitation of the defendant and protection of the public." Petitioner has presented no particular facts or legal precedent that would indicate that the challenged condition is not reasonably related to petitioner's rehabilitation. Again, on this record, we decline to reconsider our First Amendment holding in *Mace*.

Petitioner offers no explanation of how or why the Vermont Constitution affords any greater protection than its federal counterpart. We see no reason to conclude that Article 10 compels a different result from that already reached in our prior cases. *Gleason*, 154 Vt. at 212, 576 A.2d at 1250. Finally, we do not address petitioner's due process claim because it was not preserved. *Id.* at 210, 576 A.2d at 1249.

*Affirmed.*