**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Martin D. ELSBACH, Defendant–Appellant.**

**No. 95CA1245.**

Colorado Court of Appeals, Div. A.

Jan. 9, 1997.

Rehearing Denied Jan. 30, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor Gener-

al, Susan J. Schneider, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Newell and Martens, Steven R. Newell, Kevin C. Massaro, Denver, for Defendant–Appellant.

Opinion by Chief Judge STERNBERG.

Defendant, Martin D. Elsbach, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of one count of aggravated incest. Defendant asserts error in the trial court's pretrial ruling denying his motion to dismiss based on an alleged agreement not to prosecute that had been made as part of a plea agreement in another sexual offender case. He also appeals the trial court's denial of his motion to suppress statements he made during sex offender counseling that was ordered as part of the probation in that other case. Finally, defendant contends the trial court erred in denying his motion seeking recusal of the trial judge. We perceive no error in the trial court's rulings denying defendant's dismissal and recusal motions, but remand for a hearing and further findings on defendant's motion to suppress.

As part of a plea agreement in a 1993 case in which defendant was alleged to have touched improperly the breasts of an eleven-year-old female friend of his stepdaughter, he entered a guilty plea to a single count of sexual assault on a child. Defendant was sentenced to ten years' imprisonment, but the sentence was suspended and he was placed on probation.

One condition of defendant's probationary sentence was that he continue participating in offense-specific therapy for sex offenders. There is some indication in the record that defendant was told that his probation could be revoked if his statements to the probation officer were not truthful. As part of the sex offender treatment program, defendant was directed by his probation officer to submit to a polygraph examination. The purpose of that examination was to ask defendant about other incidents of abuse and, through full disclosure, overcome any denial which might impede his therapeutic progress.

Defendant testified he was told to disclose conduct involving both of his stepdaughters, D.N. and A.N. The probation officer testified he directed defendant to disclose only a touching incident with D.N. During the examination, defendant disclosed that he had touched D.N. on the clothing covering her pubic area while she was asleep. Defendant also disclosed that he had had inappropriate sexual fantasies while giving a back massage to A.N.

Defendant's probation officer directed defendant to reveal the disclosures he had made regarding D.N. to the Department of Social Services and also to D.N.'s mother (defendant's then wife). Defendant wrote a letter to D.N.'s mother in which he repeated his disclosures regarding both D.N. and A.N. In that letter, defendant denied any sexual contact with A.N.

As a result of defendant's disclosures to the Department of Social Services, a police investigation was begun, and, in the course of that investigation, A.N. reported that defendant had digitally penetrated her vagina on numerous occasions.

Based on this alleged molestation of A.N., defendant was charged with sexual assault by one in a position of trust and aggravated incest. Prior to trial, defendant moved to dismiss the charges on the ground that, in his prior case, the prosecution had agreed not to prosecute him on the basis of any information disclosed during therapy. In another motion, defendant sought to suppress all statements made in his therapy on the ground that they were compelled and involuntary. After conducting extensive evidentiary hearings, the trial court denied both motions, and the case proceeded to trial, with the conviction here at issue resulting. This appeal followed.

I.

Defendant first contends that the trial court erred in denying his motion to dismiss the case as a sanction for a breach of the prosecutor's alleged promise not to prosecute based on information disclosed during therapy. More specifically, he argues that the overwhelming weight of the evidence is con-

trary to the trial court's finding that no such promise was ever made by the prosecution. We disagree.

■ A governmental promise not to prosecute is enforceable if a defendant detrimentally relies on that promise. *People v. McCormick,* 859 P.2d 846 (Colo.1993).

■ Defendant, however, is mistaken in asserting that all testimonial conflicts concerning whether any such promise was made must be resolved in his favor. The authorities upon which defendant relies applied a principle of construction favorable to criminal defendants when undisputed statements by a prosecutor or government agent are being analyzed. *See People v. Macrander,* 756 P.2d 356 (Colo.1988) (prosecutor's statements must be analyzed to determine if the defendant's interpretation of the promise was reasonable); *People v. Manning,* 672 P.2d 499 (Colo.1983) (undisputed statements made by a police officer analyzed to determine whether they constituted an enforceable promise); *People v. Fisher,* 657 P.2d 922 (Colo.1983) (same).

In contrast, if, as here, a trial court is called upon to determine what, if anything, a prosecutor actually said that might be interpreted as a promise, then the court's function is to weigh the evidence and make factual findings resolving the dispute about what was communicated. If this were not the case, a trial court would be obligated to apply an irrebuttable presumption in favor of the defendant's testimony no matter how extreme a prosecutorial promise the defendant alleged.

Accordingly, we review the trial court's factual findings here with the same degree of deference due to evidentiary findings made in other pretrial rulings. *See People v. Walker,* 666 P.2d 113 (Colo.1983) (a trial court's findings of fact and conclusions of law concerning identification procedure will not be disturbed on review if they are supported by competent evidence).

■ The trial court found that the prosecutor did not promise to refrain from prosecuting defendant for incidents of sexual abuse which defendant disclosed in court-ordered therapy. In reaching this conclu-

sion, the court relied upon the prosecutor's recollection of her statements to defense counsel denying existence of a promise not to prosecute, and on the testimony of defendant's former counsel. The latter testified that he believed the prosecution was free to prosecute defendant for revelations of "serious" conduct.

As the finder of fact, the trial court was in the best position to assess the witnesses' credibility and recollective abilities. Therefore, because the trial court's factual findings are supported by the record, we sustain them. *See People v. Walker, supra.*

## II.

■ In the alternative, defendant argues that, even if the trial court's finding of no prosecutorial promise is upheld, he is still entitled to dismissal because a plea agreement cannot give the prosecution unfettered discretion to decide on a "case by case basis" whether to prosecute a defendant for offenses revealed during court-ordered therapy. We are not persuaded.

Defendant bases this argument on *United States v. Swinehart,* 614 F.2d 853 (3d Cir. 1980), *cert. denied,* 449 U.S. 827, 101 S.Ct. 90, 66 L.Ed.2d 30 (1980). In *Swinehart,* a judicially approved plea agreement gave the prosecution sole discretion to determine whether two defendants who submitted to polygraph examinations had "cooperated" within the meaning of the plea agreement. The court held that, notwithstanding the discretionary language of the agreement, the prosecution's interpretation of the agreement was still subject to minimal judicial review. The court determined that judicial review was necessary because the agreement had been accepted by the trial court. Thus, it reasoned that the trial court had an obligation to ensure that the prosecution was not completely ignoring the responsibilities imposed by the agreement.

Unlike the situation in *Swinehart,* the prosecutor's statements here were not incorporated into the plea agreement originally approved by the court. Also, there, the prosecutor's discretion was a product of an agreement with the defendants, whereas here the

prosecutor's charging discretion was not. *See generally People v. District Court,* 767 P.2d 239 (Colo.1989) (as part of the executive branch of government, prosecution is vested with charging discretion).

### III.

Defendant's third contention relating to the disclosures he made during therapy challenges the trial court's ruling denying his motion to suppress. We conclude that a remand is required.

■ A probationer has a Fifth Amendment right against compelled self-incrimination. However, because that right is not self-executing, it is incumbent upon the probationer to invoke it. If, as a condition of probation, a probationer is required to participate in therapy which involves truthfully answering questions designed to solicit incriminating responses, no Fifth Amendment violation occurs unless "the State, either expressly or by implication, asserts that invocation of the privilege would lead to revocation of probation." *Minnesota v. Murphy,* 465 U.S. 420, 435, 104 S.Ct. 1136, 1146, 79 L.Ed.2d 409, 424 (1984); *but see State v. Fuller,* 276 Mont. 155, 915 P.2d 809 (1996).

■ In *Minnesota v. Murphy, supra,* the Supreme Court held that requiring a probationer to be truthful in his responses to therapeutic questioning does not amount to an implicit requirement that he forego legitimate objections to making statements that could be incriminating. And, if a probationer is required to submit to such questioning in conjunction with a polygraph examination, the probationer's Fifth Amendment right against compelled self-incrimination is not violated unless the state threatens to revoke probation on the basis of the probationer's invocation of those rights. *See State v. Tenbusch,* 131 Or.App. 634, 886 P.2d 1077 (1995). The administration of a polygraph examination designed to detect untruthfulness does not alter the analysis of *Minnesota v. Murphy* because the polygraph serves only to emphasize the probationer's obligation to answer the questions truthfully. *State v. Tenbusch, supra.*

■ Here, neither the parties nor the trial court analyzed whether suppression was required under *Minnesota v. Murphy.* As a consequence, the trial court made no finding regarding whether there was an explicit or implicit assertion that defendant's probation would be revoked if he invoked his Fifth Amendment right against compelled self-incrimination.

Accordingly, the cause must be remanded to that court for further proceedings. After taking evidence, it should enter findings resolving the issue whether defendant was explicitly or implicitly led to believe that his probation would be revoked if he invoked his Fifth Amendment right against self-incrimination.

### IV.

■ Defendant's remaining contentions of error, that the trial court erred in refusing to grant defendant's recusal motion because he was required to hear testimony from three attorneys who regularly practiced before the court and because a witness would be a probation officer who frequently appeared before the court, are all without merit. To our knowledge, there is no rule or precedent requiring recusal in such instances.

The cause is remanded for further proceedings on defendant's motion to suppress consistent with this opinion. If the trial court on remand determines, under the standards of *Minnesota v. Murphy, supra,* that defendant was, either implicitly or explicitly, threatened with revocation of his probation if he did not answer truthfully in the polygraph examination, then the motion to suppress must be granted and the judgment of conviction reversed. If the trial court determines there was no such threat, then the judgment of conviction shall stand affirmed, subject only to defendant's right to appeal that determination.

ERICKSON * and SMITH *, JJ., concur.